IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samuel Gossett, #342165,<br><br>PLAINTIFF,<br><br>v.<br><br>Mrs. Terrie Wallace, Ms. Reaves, Mr. Whittington, Mr. Anderson,<br><br>DEFENDANTS. | Case No. 4:20-cv-2972-TLW<br><br><br>**Order** |

Plaintiff Samuel Gossett, proceeding *pro se*, brings this "Motion to Ask for Permission to Motion for Preliminary Injunction." ECF No. 1. The Plaintiff is an inmate at Kirkland Correctional Institution, and he asserts in his motion that he "is being retaliated against for exercising his First Amendment Constitutional Right." *Id.* at 1. More specifically, he is seeking a preliminary injunction to reinstate his phone privileges that he alleges were revoked as retaliation against him for proceeding with his civil action. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the Magistrate Judge to whom this case was assigned. ECF No. 10.

In the Report, the Magistrate Judge recommends that Plaintiff's motion be dismissed without prejudice, and for all other motions to be dismissed as moot, for failure to prosecute and pursuant to Federal Rule of Civil Procedure (FRCP) 41(b) for failure to comply with a court order. *Id.* at 1. Before issuing the Report, the Magistrate Judge issued a proper form order identifying certain deficiencies in

1

Plaintiff's filings and directing Plaintiff to remedy those deficiencies within 21 days. *Id.* The order specifically informed Plaintiff that if he failed to comply with the order, his case would be subject to dismissal. *Id.* After the time for compliance passed, and because Plaintiff failed to comply with the order or respond in any way, the Magistrate Judge issued the Report recommending dismissal.

After the Report was filed, Plaintiff submitted a "response to the court's request of dismissal" that was deemed objections to the Report. ECF No. 12. The objections do not respond to the reasons for dismissal outlined in the Report, nor does Plaintiff allege that he has remedied the deficiencies outlined in the Report. Instead, Plaintiff requests that his motion for preliminary injunction in this matter, C/A No. 4:20-2972-TLW-TER, be transferred to an unrelated civil action before this Court, C/A No. 4:20-3136-TLW-TER. That action is a § 1983 case that alleges certain defendants failed to protect Gossett from assaults by other inmates. *See* ECF No. 1. Plaintiff's objections do not offer a legal or factual basis to reject the Report. This matter is now ripe for decision and this Court will rule on the Report.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is

free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections, which did not address the stated reasons for a recommendation of dismissal. After careful review of the Report and the objections, and for the specific reasons stated by the Magistrate Judge, the Report, ECF No. 10, is **ACCEPTED**. Plaintiff's objections, ECF No. 12, are **OVERRULED**. Plaintiff's Motion, ECF No. 1, is **DISMISSED**[1] and all outstanding motions are dismissed as moot.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 16, 2020
Columbia, South Carolina

---

[1] **As recommended by the Magistrate Judge, this motion is dismissed without prejudice, meaning Plaintiff can refile the motion in an appropriate civil action.**